UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SV Special Situations Master Fund Ltd., et al.,<br>    Plaintiffs,<br><br>        v.<br><br>Knight Libertas, LLC, et al.,<br>    Defendants/Third-Party-Plaintiffs,<br><br>        v.<br><br>Scott Stagg, Mark Focht, and<br>3V Capital Management, LLC,<br>    Third-Party Defendants. | No. 3:08cv1769 (SRU) |

ORDER APPOINTING EXPERT WITNESSES PURSUANT
TO FEDERAL RULE OF EVIDENCE 706

Upon consideration of the record in the case and for the reasons set forth in the Partial Ruling and Order on Motions for Summary Judgment dated July 8, 2011 it is hereby

ORDERED:

1. Thomas C. Kaylor of Deloitte Financial Advisory Services, LLP, New York, New York, is appointed as an expert witness pursuant to Federal Rule of Evidence 706.

2. Mr. Kaylor will offer his opinion on the following questions:

    a. Did the transfer of the $8,938,574.64 associated with the so-called Stelco and Transport transfers artificially inflate the value of the Libertas entities?

    b. If so, what would the Libertas entities have been worth at the time of the sale to Knight Capital had the Stelco and Transport transfers not occurred?

3. Adam Weisman of Deloitte Financial Advisory Services, LLP, New York, New York, is appointed as an expert witness pursuant to Federal Rule of Evidence 706.

4. Mr. Weisman will offer his opinion on the following questions:

   a. With respect to each defendant (Gary Katcher, Knight Libertas Holdings LLC, Knight Libertas LLC, and Libertas Holdings LLC) which defendant(s): (1) received the $8,938,574.64 associated with the so-called Stelco and Transport transfers; (2) possessed or currently holds, in whole or in part, the $8,938,574.64 associated with the so-called Stelco and Transport transfers; (3) has benefitted and/or continues to benefit from the receipt and possession of the $8,938,574.64 associated with the so-called Stelco and Transport transfers; and (4) what is the current value of any such benefit?

5. The terms of the engagement between Messrs. Weisman and Kaylor (hereafter "the appointed experts") through Deloitte Financial Advisory Services LLP and the parties are set forth in the engagement letter and appendix (hereafter "engagement letter"). On July 21, 2011, the court held a telephone conference at which time the parties expressed that they had no objection to the terms and conditions set forth in the engagement letter.

6. The parties (plaintiffs and defendants) shall designate one member of their respective legal counsel team to act as a liaison between the appointed experts, the parties and remaining counsel. The designate liaisons shall not engage in any *ex parte* communication with the appointed experts, their associates, or Mr. Sprague.

7. Within seven days of this order each of the parties (plaintiffs and defendants) shall make available to the appointed experts their books, accounts and any other information that is requested by the appointed experts or that the parties would like the appointed experts to consider. Each party will bear their respective costs of providing the materials.

8. The appointed experts may disregard any information provided to them – whether solicited or unsolicited – that they do not consider reliable or relevant for the purposes of forming their own expert opinion.

9. All communications between the parties and Messrs. Weisman and Kaylor must be in writing with copies mailed (or electronically delivered) to all parties at the same time. The parties in this case will not initiate any communication with the appointed experts.

10. Communications between the court and the appointed experts will be conducted as follows: the engagement partner, Robert Sprague of Deloitte Financial Advisory Services, Boston, Massachusetts, shall prepare written correspondence on behalf of the appointed experts or himself. Such correspondence shall be simultaneously sent (by mail or electronic delivery) to the parties and the court. There shall not be any *ex parte* communications between the court and appointed experts, Mr. Sprague or their representatives.

11. Each expert, at his sole discretion and in the exercise of his professional judgment, may utilize any resources he deems necessary to fulfilling his duties under this order. This

    may include but is not limited to the use of other members or associates of Deloitte Financial Advisory Services, LLP, contract personnel, or other unspecified technical services. The cost of additional resources employed shall be billed in equal shares to the plaintiffs and defendants as set forth in the engagement letter.

12. If the appointed experts desire to interview the parties, current or former employees of the parties, or any other individual identified by the appointed expert as having information necessary to fulfilling the expert's duties under this order, the parties shall make such person available for an interview within 10 days of such request. Plaintiffs and defendants may each designate one legal representative to be present at any scheduled interview for observation purposes only.

13. Messrs. Weisman and Kaylor shall each prepare a written report and file it with the court on or before September 21, 2011. The report shall set forth his opinion as to each of the questions set out above and the basis for each of his opinions. A copy of each expert's resume shall also be attached to the report.

14. The parties will have ten days to review the report. If any party seeks to depose either Mr. Weisman or Mr. Kaylor, the deposition shall be conducted between October 5, 2011 and October 19, 2011.

15. A final hearing on plaintiffs' motion for summary judgment will be held on Friday, November 4, 2011 at 2:00 p.m. Messrs. Weisman and Kaylor shall be present at that time to present their reports and be subject to examination.

16. Messrs. Weisman and Kaylor shall be compensated as set forth in the engagement letter between Deloitte Financial Advisory Services LLP and the parties. I have reviewed the rates set forth in the engagement letter and find them reasonable given the nature and scope of the engagement.

17. The parties (plaintiffs and defendants) in this case shall share the cost of the appointed experts' services with plaintiffs jointly and severally liable for 50% of the cost and defendants jointly and severally liable for 50% of the cost. In addition to bills submitted directly to the parties, Messrs. Weisman and Kaylor shall periodically prepare and submit to the court time records detailing services performed and out-of-pocket expenses incurred.

18. The parties (plaintiffs and defendants) agree that reports, schedules, documents, and other materials provided by Deloitte Financial Advisory Services LLP to the parties in connection with the performance of its services in the above-captioned matter (the "Deloitte FAS Work Product") are solely for the purpose of assisting the parties and the Court in this matter, and will not be used for any other purpose or referred to or distributed to anyone other than the parties, the Court, or counsel to the parties, provided that each party shall be responsible for its counsel's compliance with the foregoing restrictions on the distribution and use of the Deloitte FAS Work Product. The provision of these services by Deloitte Financial Advisory Services LLP shall not create privity

between Deloitte Financial Advisory Services LLP and any third party. Neither the Deloitte FAS Work Product nor the services provided by Deloitte Financial Advisory Services LLP in this matter are intended for the express or implied benefit of any third party.

Dated at Bridgeport, Connecticut, this 21st day of July 2011.

                                                /s Stefan R. Underhill\_\_\_\_
                                                Stefan R. Underhill
                                                United States District Judge