UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

SV SPECIAL SITUATIONS MASTER FUND LTD.
and 3V CAPITAL MASTER FUND, LTD.,

       Plaintiff,

- against -

KNIGHT LIBERTAS LLC, KNIGHT LIBERTAS HOLDINGS LLC, LIBERTAS HOLDINGS LLC, LIBERTAS PARTNERS LLC, and GARY KATCHER,

       Defendants/Third-Party Plaintiffs,

- against -

MARK A. FOCHT, SCOTT A. STAGG, and 3V CAPITAL MANAGEMENT LLC,

       Third-Party Defendants.

Case No. 3:08cv1769 (SRU)

August 5, 2011

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION TO RECONSIDER A PORTION OF THE JULY 8, 2011 ORDER**

Plaintiffs SV Special Situations Master Fund Ltd. ("SV Master Fund") and 3V Capital Master Fund Ltd. ("3V Master Fund"), by their attorneys, Stagg, Terenzi, Confusione & Wabnik, LLP, respectfully submit this reply memorandum of law in further support of their motion pursuant to Fed. R. Civ. P. 54 and Local Rule 7(c) for an order modifying the Court's July 8, 2011 Order (the "Order") solely to the extent that that Order directed SV Master Fund to place $4,124,542 in escrow for defendant Gary Katcher's ("Katcher") benefit.

**PRELIMINARY AND FACTUAL STATEMENT**

Plaintiffs demonstrated that SV Master Fund cannot comply with that portion of the Order directing it to deposit $4.14 million in escrow because plaintiff has cash assets of only $51,315.59. (Doc. No. 286-1 ¶2.) Defendants speculate SV Master Fund has securities of over $31 million in a GarWood brokerage account that "should be" sold. (Doc. No. 296 at 14.) They rely on GarWood account statements produced months ago. Those statements are outdated and inaccurate. They do not depict SV Master Fund's current account value. The actual value of the assets in the GarWood account as of June 30, 2011 was $16,729. SV master Fund had only $51,315.59 in cash as of July 29, 2011 (Stagg Aff. Exs. A, B.) Accordingly, SV Master Fund cannot comply with the Order as drafted.

However, it is wholly unnecessary for plaintiff to escrow funds to protect defendants' interests. Plaintiffs established that Katcher is liable for at least the $8.9 million defendants are wrongfully withholding from SV Master Fund. Defendants admitted that these funds must be returned. They also stipulated, in open court, that Katcher must indemnify the corporate defendants for these moneys (and any other sums) SV Master Fund recovers. (Doc. No. 288.)

Defendants attempt to distract the Court from Katcher's contractual indemnification obligations to Knight by arguing that New Libertas shares in Katcher's liability. By Katcher's own admission, however, he is jointly and severally liable for any potential judgments entered against the corporate defendants. The agreement is clear on its face that Katcher will be responsible for any judgment entered against defendants. Thus, his liability should be offset against his individual counterclaim. (Doc. No. 295 at 2.)

Thus, there is a direct offset, plaintiffs should not be required to place any funds in escrow, and Defendants should be required to hold $4,814,032.64 in an interest-bearing escrow account for SV Master Fund's benefit.

**A R G U M E N T**

**THIS COURT SHOULD MODIFY THE ORDER SO KATCHER'S PURPORTED $4.1 MILLION OFFSETS SV MASTER FUND'S $8.9 MILLION AND DIRECT ONLY DEFENDANTS TO ONLY HOLD $4,814,032.64 IN THE INTEREST-BEARING ESCROW ACCOUNT FOR SV MASTER FUND'S BENEFIT**

**A.  Plaintiffs' Compliance With The Court's Order Is Impossible**

As set forth in plaintiffs' moving papers, SV Master Fund cannot comply with the Order as drafted because it has cash assets of only $51,315.59.

Defendants argue that plaintiffs' moving papers failed to present statements evidencing plaintiffs' inability to comply with the Order, and that there is actually $31 million in a prime brokerage account SV Master Fund should liquidate.  (Doc. No. 296 at 14.)  The affidavit of Scott Stagg submitted with this reply memorandum of law annexes the most recent SV Master Fund financial statements.  The June 30, 2011 GarWood statement reflects that SV Master Fund's total account value was only $16,729, a far cry from $31 million.  (Stagg Aff. Ex. B.)  Moreover, as of July 29, 2011 SV Master Fund only had $51,315.59 in its Chase account.  (Id. at Ex. A.)  As such, SV Master Fund simply does not have cash or assets sufficient to comply with the Court's Order and the Order should be modified.  See Motorola Credit Corp. v. Uzan, 322 F.3d 130, 138 (2d Cir. 2003) (court recognized that compliance with injunction was impossible since it directed defendant to deposit with the court stock comprising at least 73.5% of the

3

corporation's outstanding shares and defendant only had 66.48% of the shares outstanding and encouraged district court to address on remand).[1]

### B.   Katcher Is Contractually Obligated To Indemnify The Knight Entities

As set forth in plaintiffs' moving papers, on June 30, 2011 Katcher admitted that he is contractually obligated to indemnify the Knight entities if the corporate defendants are held liable. (Doc. No. 288 at 2-3.) Moreover, Katcher's separation agreement confirms that he has been liable to Knight for the $8.9 million, and any judgment issued against the corporate defendants, for more than one year.  (Doc. No. 288-1.)

Defendants' contention that New Libertas Holdings LLC's additional obligation to indemnify the corporate defendants absolves Katcher is baseless.  Because he and New Libertas are jointly and severally liable, that New Libertas must also pay any judgment does not relieve Katcher of his responsibility.   See Connecticut Nat'l Bank v. Rehab Assocs., 300 Conn. 314, 318, 12 A.D.3d 995, 998 (Conn. Super. Ct. 2001) (both guarantors liable for full amount of deficiency judgment); Old Factory, LLC v. Pocket Knife Square, LLC, 2010 WL 4277569, at *10 (Conn. Super. Ct. Sept. 29, 2010) (guarantors each jointly and severally guaranteed obligations up to $13,000 each and accordingly judgment entered against each guarantor jointly and severally for $13,000 each).  Katcher admitted as such in his July 29, 2011 declaration in which he stated:

> In connection with the sale of Libertas, New Libertas and I agreed to jointly and severally indemnify Knight for certain items.  One such item is the claim against defendants Knight Libertas LLC,

---

[1] A party cannot be held responsible for failing to comply with an order imposing obligations that are impossible to satisfy.  *In re Sol*, 242 F. 487, 489 (2d Cir. 1917) (inability to comply, by reason of poverty, insolvency, etc. held to excuse contempt in failing to comply with order requiring payment of money); *see also Hicks v. Feiock*, 485 U.S. 624, 638 n.9 (1988) ("[o]ur precedents are clear, however, that punishment may not be imposed in a civil contempt proceeding when it is clearly established that the alleged contemnor is unable to comply with the terms of the order").

>Knight Libertas Holdings LLC, Libertas Holdings LLC and Libertas Partners LLC in this lawsuit.

(Doc. No. 295 at 2.)

Equally groundless is defendants' argument that it is Knight's choice to invoke its indemnification rights under the acquisition agreement. (Doc. No. 294 at 6.) Katcher's counsel made clear that Katcher, in his personal capacity, is the ultimate party responsible for any judgment against the corporate defendants. (Doc. No. 288 at 2-3.)

Accordingly, plaintiffs should not be required to place funds in escrow, and defendants should only be required to hold $4,814,032.64 in the interest-bearing escrow account for SV Master Fund's benefit.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request the Court to reconsider the portion of the Order directing plaintiffs to deposit $4,124,542 in an interest-bearing escrow account for the benefit of Katcher and the Court should modify the Order so that Katcher's purported $4.1 million offsets SV Master Fund's $8.9 million.

Dated:  Garden City, New York
        August 5, 2011

                    Respectfully Submitted,

                    **STAGG, TERENZI, CONFUSIONE
                    & WABNIK, LLP**

            By:         s/ Andrew Kazin
                        Andrew Kazin (ct-24833)
                        Debra L. Wabnik (ct-24768)
                        Thomas E. Stagg (ct-23429)
                    Attorneys for Plaintiffs SV Special Situations
                    Master Fund Ltd. and 3V Capital Master Fund Ltd.,
                    and Third-Party Defendants Scott A. Stagg and 3V
                    Capital Management LLC
                    **Office and P.O. Address:**
                    401 Franklin Avenue, Suite 300
                    Garden City, New York 11530
                    (516) 812-4500