# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SV Special Situations Master Fund Ltd., et al.,<br>  Plaintiffs,<br><br>  v.<br><br>Knight Libertas, LLC, et al.,<br>  Defendants/Third-Party-Plaintiffs,<br><br>  v.<br><br>Scott Stagg, Mark Focht, and<br>3V Capital Management, LLC,<br>  Third-Party Defendants. | No. 3:08cv1769 (SRU) |

### RULING AND ORDER ON MOTION TO MODIFY SCOPE OF RULE 706 ORDER

On July 21, 2011, I entered a Ruling and Order Appointing Expert Witnesses Pursuant to Federal Rule of Evidence 706. Doc. #289. Defendants have moved for modification of the order to limit the scope of the expert witnesses' duties to a so-called "quantitative" rather than "qualitative" inquiry. Namely, defendants maintain that the I have no appropriate use for a court appointed expert opinion on the value of the corporate defendants before and after the wrongful receipt of $8,938,574.64 from plaintiff, 3V Capital Master Fund, Ltd. For the reasons that follow, the motion is denied.

In their motion for modification defendants challenge the appointment of Thomas C. Kaylor of Deloitte Financial Advisory Services, LLP, New York, New York. Mr. Kaylor has been appointed as an expert witness to offer his opinion on the following questions:

    a. Did the transfer of the $8,938,574.64 associated with the so-called Stelco and Transport transfers artificially inflate the value of the Libertas entities?

    b. If so, what would the Libertas entities have been worth at the time of the sale to

Knight Capital had the Stelco and Transport transfers not occurred? Defendants argue that an opinion regarding the value of the Libertas entities before and after the influx of the wrongly transferred funds would not help me resolve issues raised on summary judgment. Although the initial use of the experts' reports will be to help decide the summary judgment motions, *see* Transcript of July 21, 2011 Telephone Conference (doc. # 301) at 8-9, I have always intended that the reports also benefit the jury. *See* Transcript of May 5, 2011 Motion Hearing (doc. # 271) at 26; and Partial Ruling on Motions for Summary Judgment and Order (doc. # 271) at pp. 18, 25.

The Federal Rules of Evidence make clear that expert witnesses may be utilized by the court to assist the trier of fact in understanding the evidence. Here, defendants have generally conceded liability with respect to the $8,938,574.64 associated with the so-called Stelco and Transport transfers. Remaining unresolved, however, are questions concerning which defendant or defendants are liable for the monies and what amount is attributable to each defendant, most specifically in the context of plaintiffs' unjust enrichment claim. One of the core determinations to be made by the court at summary judgment and potentially by the trier of fact at trial is whether and to what extent each defendant has benefitted from the transfers.

Although they cite no authority is support of their claim, defendants maintain that the appointment of a valuation expert is inappropriate where the opinion rendered is "qualitative" in nature and not intended to be utilized to assist the court in resolving the motions for summary judgment. It is of no consequence that the opinion on valuation rendered by the court appointed expert may not resolve at summary judgment all matters concerning the $8,938,574.64. Rather, the only relevant inquiry is whether the appointed expert's opinion will be of assistance to the trier of fact in this case. Fed. R. Evid. 706. Because the parties have demonstrated an inability

to properly develop the record, and in light of the protracted history of the case and the adversarial relationship of all involved, the assistance of an impartial expert witness on the question of valuation is necessary to achieve an efficient and just resolution in this matter. *See generally Scott v. Spanjer Bros., Inc.,* 298 F.2d 928, 930-31 (2d Cir. 1962). Accordingly, even if defendants are correct and the question of valuation is ultimately one for a jury, the use of a court appointed expert to offer an opinion and "enlighten the jury . . . on issues which have become confused because of partisanship in presentation", i.e., benefit, value and increased worth of defendants, remains appropriate in this case. The motion for modification of the order appointing expert witnesses is DENIED.

The parties have reserved providing the appointed experts with the materials requested pending the resolution of the motion to modify. Accordingly, it is further ordered that the deadlines with respect to the appointed expert reports shall be extended and the order appointing the expert witnesses (doc. # 289) be amended as follows:

13. Messrs. Weisman and Kaylor shall each prepare a written report and file it with the court on or before October 19, 2011. The report shall set forth his opinion as to each of the questions set out above and the basis for each of his opinions. A copy of each expert's resume shall also be attached to the report.

14. The parties will have ten days to review the report. If any party seeks to depose either Mr. Weisman or Mr. Kaylor, the deposition shall be conducted between November 2, 2011 and November 16, 2011.

15. A final hearing on plaintiffs' motion for summary judgment will be held on Friday, November 21, 2011 at 2:00 p.m. Messrs. Weisman and Kaylor shall be present at that time to present their reports and be subject to examination.

Dated at Bridgeport, Connecticut, this 22nd day of August 2011.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge