UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SV Special Situations Master Fund Ltd., et al.,<br>    Plaintiffs,<br><br>    v.<br><br>Knight Libertas, LLC, et al.,<br>    Defendants/Third-Party-Plaintiffs,<br><br>    v.<br><br>Scott Stagg, Mark Focht, and<br>3V Capital Management, LLC,<br>    Third-Party Defendants. | No. 3:08cv1769 (SRU) |

RULING AND ORDER ON MOTION FOR RECONSIDERATION

On July 8, 2011, I formally ordered plaintiff, SV Special Situations Master Fund Ltd. ("SV Master Fund"), to place $4,124,542 into escrow for the benefit of Gary Katcher. *See* Partial Ruling and Order on Motions for Summary Judgment (doc. # 281) at 25. SV Master Fund moves for reconsideration (doc. # 286) on the basis that it lacks the financial resources to comply with the Court's order. The motion is denied without prejudice.

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of

controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

SV Master Fund does not identify an intervening change of controlling law or the availability or new evidence, rather it argues that it lacks sufficient financial resources to comply with the July 8, 2011 order. SV Master Fund had two months' notice that it would be required to place $4.1 million into escrow for the benefit of Katcher and its claim of poverty twelve days after the issuance of the order is unavailing. I am not persuaded, on the record currently before me, that plaintiff lacks the financial ability to comply with the order.

During the May 4, 2011 hearing on the motions for summary judgment I strongly indicated to the parties that I thought each should place into escrow the amounts alleged to be wrongly taken and owed to each other. Specifically, I suggested that defendants place into escrow for the benefit of the plaintiffs $8.9 million associated with the so-called Transport and Stelco transfers, and SV Master Fund should place into escrow $4.1 million representing the value of Gary Katcher's capital account now in possession of SV Master Fund. *See* Hearing Trans. at pp. 25, 54-55. At that time, SV Master Fund argued that the monies owed should be offset but made no claim that it lacked the financial ability to carry out the transaction. *Id.* at 55. Indeed, when the issue of compliance with the Connecticut Superior Court's prejudgment order arose concerning the same $4.1 million, SV Master Fund further maintained that it believes it is owed $13.1 million from defendants and that at most an offset is appropriate but that it should not be required to put up monies it wrongly retains. *Id.* at 55.

Additionally, I held a telephone conference with the parties on June 23, 2011, during

which I further stated that defendants should place $8,938,574.64 into an escrow account and plaintiff should likewise place $4,124,542 into an escrow account.  06/23/2011 Trans. at p. 11 (doc. # 284).   At that time, SV Master Fund raised its concern that it would be compelled to put up duplicate amounts in this case and the state court case.  SV Master Fund also raised, again, its objection to not being able to offset the monies it puts up with the monies it believes are owed to it.  *Id.* at 13.   I made clear that compliance with the state prejudgment order would satisfy the obligations here and rejected the claim that an offset is appropriate.  Specifically I stated:

> Well, here's one problem with the offset theory. The party, the parties that owe the 8.9 million are not necessarily the same as the party owed the 4.1 million. In other words, you're assuming that the defendants are jointly and severally liable for the 8.9. It's not apparent to me that that's the case. The 4.1 is owed directly to Ketcher [sic]. So there may or may not be a offset that applies here.

*Id.* at 13.  At no point during the June 23, 2011 telephone conference did SV Master Fund express a concern that it could not comply with an order to place into escrow the $4.1 million.

SV Master Fund, from the date of the May 4, 1011 hearing until at least May 31, 2011, held at least $30,689,959.85 in its securities account.  *See* doc. # 300-4 at p. 2.  By the end of June, SV Master Fund proffers that its assets were inexplicably reduced by approximately $30,673,230, leaving it with an estimated $16,729 in securities and $50,000 cash.  *Id.*  SV Master Fund, is a hedge fund controlled by Stagg Capital Group, LLC.  *See* doc. # 243-6, ex. 2.  As the "master fund," plaintiff receives monies from four feeder funds, SV Special Situations Euro Fund Ltd., SV Special Situations Fund, Ltd., SV Special Situations Master Fund, LLC, and SV Special Situations Fund LP.  *Id.*  Given that plaintiff is "fed" by four feeder funds, and that it had in excess of two months' notice that it would be ordered to place money into escrow, I find it quite difficult to believe that it could not marshal the resources to comply with the July 8, 2011 order.  Accordingly, the motion for reconsideration is denied.  Plaintiff shall within seven days of

this order place $4,124,542 into escrow for the benefit of Gary Katcher.

    Dated at Bridgeport, Connecticut, this 24th day of August 2011.


                                                      /s/ Stefan R. Underhill  
                                                      Stefan R. Underhill  
                                                      United States District Judge