UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------

SV SPECIAL SITUATIONS MASTER FUND LTD.
and 3V CAPITAL MASTER FUND, LTD.,

       Plaintiff,                               Case No.  3:08cv1769 (SRU)

       - against -

KNIGHT LIBERTAS LLC, KNIGHT LIBERTAS
HOLDINGS LLC, LIBERTAS HOLDINGS LLC,
LIBERTAS PARTNERS LLC, and GARY
KATCHER,

       Defendants/Third-Party Plaintiffs,       NOVEMBER 1, 2011

       - against -

MARK A. FOCHT, SCOTT A. STAGG, and 3V
CAPITAL MANAGEMENT LLC,

       Third-Party Defendants.

------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL
MOTION TO RECONSIDER A PORTION OF THE JULY 8, 2011 ORDER**

      Plaintiffs SV Special Situations Master Fund Ltd. ("SV Master Fund") and 3V Capital Master Fund Ltd. ("3V Master Fund"), by their attorneys, Stagg, Terenzi, Confusione & Wabnik, LLP, respectfully submit this memorandum of law in support of their supplemental motion pursuant to Fed. R. Civ. P. 54 and Local Rule 7(c) for an order modifying the July 8, 2011 order solely to the extent that that order directed SV Master Fund to place $4,124,542 in escrow for defendant Gary Katcher's benefit.

**PRELIMINARY AND FACTUAL STATEMENT**

On July 8, 2011, this Court ordered SV Master Fund to deposit $4,124,542 in an interest-bearing escrow account for Katcher's benefit. (the "July Order") (Doc. 281)  On August 24, 2011, the Court denied SV Master Fund's motion to reargue that portion of the July Order without prejudice (the "August Order"). (Doc. 310)  The Court found it difficult to believe, on the record before it, that SV Master Fund could not marshal the $4.1 million from May to July 2011. (Doc. 310, p. 3.)

On October 18, 2011, the Court denied plaintiffs' renewed motion to reconsider a portion of the July 8, 2011 Order.  The Court held that plaintiffs had not established that they lacked the financial ability to post $4.1 million.  The Court suggested that plaintiffs could raise the $4.1 million by using the litigation receivable from this lawsuit to obtain the $4.1 million.[1]  Over the next two weeks, plaintiffs attempted to obtain the $4.1 million but were unable to do so.  Plaintiffs' attempts to obtain the $4.1 million are detailed as follows:

> a. Oasis Legal Finance, LLC advised that it does not provide funds to plaintiffs involved in commercial litigation;
>
> b. Equinox Legal Funding advised that Equinox limits itself to financing plaintiffs in personal injury actions;
>
> c. American Legal Funding advised that it lacks the funds to lend $4.1 million;
>
> d. Stone Street Capital, LLC considered the investment too risky;
>
> e. EPS Settlements Group advised that it could not source the funds prior to judgment;

---

[1] As set forth in plaintiffs' prior motion to renew, plaintiffs' only other assets are its interest in Mas Global, Inc. ("Mas"), the cash in Chase account ending 4451, and securities in the Gar Wood account. (Doc. 311-7.)  The Mas stock cannot be monetized because there is no buyer for Mas stock.  There is no dispute that the securities in the Gar Wood account are essentially worthless.

2

    f.   Black Robe Capital LLC advised that the investment would be too risky;

    g.   LH Funding Corp. advised that it would not provide $4.1 million to SV Master Fund;

    h.   Provident Litigation Funding advised that it would not provide $4.1 million to SV Master Fund; and

    i.   Golden Pear Funding.  I expect to receive a response from Golden Pear later this week.

We therefore respectfully ask that the July and August Orders be modified so that SV Master Fund is not required to deposit funds in escrow or, in the alternative, is required to place in escrow the cash in the Chase Account and the securities in the Gar Wood Account.  In the alternative, the Court, in the interest of justice, should off-set the $4.1 million from the $13 million defendants have placed in escrow.  If none of these options are acceptable to the Court, then plaintiffs request that the Court modify the July Order so that no party is required to maintain funds in escrow.

**A R G U M E N T**

**THE COURT SHOULD RECONSIDER THE JULY AND AUGUST 2011 ORDERS BECAUSE SV MASTER FUND CANNOT COMPLY WITH THEM**

Courts have the inherent authority to reconsider interlocutory orders and to reopen any part of a case before entry of a final judgment.  *See* Fed. R. Civ. P. 54(b); Local Rule 7; *U.S. v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) ("district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment"); *Williams v. County of Nassau*, 2011 WL 1240699, at *2 (E.D.N.Y. Mar. 30, 2011); *Evergreen Nat. Indem. Co. v. Capstone Bldg. Corp.*, 2008 WL 926520 (D. Conn. Mar. 31, 2008).

Courts also have the inherent power under Fed. R. Civ. P. 54(b) to reconsider its order to

3

"prevent manifest injustice." *See Limpert v. Cambridge Cred. Counseling Corp.*, 2004 WL 3395347, at *2 (S.D.N.Y. Sept. 16, 2004). Here, manifest injustice will occur if the July and August Orders are not modified because SV Master Fund can, at most, place only the cash in the Chase Account and the securities in the Gar Wood Account in escrow for Katcher's benefit. (Doc. 300-2 at ¶¶ 3-4.)

SV Master Fund lacks the financial ability to post the $4.1 million. It lacks the assets required to post the funds in cash or obtain financing that would enable it to post the funds. Even if plaintiffs could sell their interest in Mas, which they cannot, the sale would preclude plaintiffs from pursuing their claims in this lawsuit because they could not compensate their counsel. This will certainly result in manifest injustice because it will permit defendants to evade their obligation to return, at a minimum, the more than $13 million misappropriated from 3V Master Fund and its managed accounts.

Accordingly, we ask that the July and August Orders be modified so that SV Master Fund is not required to place funds in escrow.

In the alternative, SV Master Fund should only be required to place in escrow the cash in the Chase Account and securities in the Gar Wood Account. *See Ruiz v. McCotter*, 661 F. Supp. 112, 117 (S.D. Tex. 1986) (where it is impossible to comply with an order, the court has the power to modify it); *see also Motorola Credit Corp. v. Uzan*, 322 F.3d 130, 138 (2d Cir. 2003) (court recognized that compliance with injunction was impossible since it directed defendant to deposit with the court stock comprising at least 73.5% of the corporation's outstanding shares and defendant only had 66.48% of the shares outstanding and encouraged district court to address on remand).[2]

---

[2] A party's complete inability, due to poverty or insolvency, to comply with an order to pay court imposed monetary sanctions is a defense to a charge of civil contempt. *In re Sol*, 242 F. 487, 489 (2d Cir. 1917) (inability to comply,

## POINT II

### THE COURT SHOULD OFFSET THE $4.1 MILLION FROM THE $8.9 MILLION DEFENDANTS DEPOSITED IN ESCROW

The Court declined to offset the $4.1 million from the $8.9 million defendants deposited in escrow because it believes there are issues of fact whether Katcher is liable for the $8.9 million. The Court also indicated, however, that issues of fact preclude Katcher's recovery of the $4.1 million. Your Honor held:

> Open questions remain whether Katcher's claim to the $4,124,542 is affected by his own unclean hands . . . . There exists a genuine issue of material fact whether Katcher may have personally benefitted from the transfers . . . . There is evidence in the record from which a jury could infer that Katcher was aware of the transfers and personally benefited from the sale of Libertas as a result of the transfers from 3V Master Fund. Should those facts be established at trial, Katcher's ability to recover his capital account from SV Master Fund may be affected by his unclean hands.

(Docket # 281, pp. 2, 16, 24)[3]

If plaintiffs are required to place the $4.1 million in escrow even though they may not ultimately be held liable to Katcher for $4.1 million, then the Court should apply the offset even though Katcher may not ultimately be held liable to plaintiffs. *See U.S. v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) (district court has the inherent authority to alter a prior order in the interest of justice as long as it maintains jurisdiction over action).

## CONCLUSION

For the foregoing reasons, the Court should modify the July and August Orders so that SV Master Fund is not required to place funds in escrow. In the alternative, SV Master Fund

---

by reason of poverty, insolvency, etc. held to excuse contempt in failing to comply with order requiring payment of money); *see also Hicks v. Feiock*, 485 U.S. 624, 638 n.9 (1988) ("[o]ur precedents are clear, however, that punishment may not be imposed in a civil contempt proceeding when it is clearly established that the alleged contemnor is unable to comply with the terms of the order").

[3] There is no issue of fact whether $8.9 million must be returned by one or more of the defendants.

should only be required to place in escrow the cash in the Chase Account and securities in the Gar Wood Account or the Court should direct that the $4.1 million be offset from the $13 million defendants placed in escrow.  If these options are not acceptable, then plaintiffs request that the Court modify the July Order so that no party is required to maintain funds in escrow.

Dated:   Garden City, New York
            November 1, 2011

          Respectfully Submitted,

          **STAGG, TERENZI, CONFUSIONE
          & WABNIK, LLP**

By:       s/ Andrew Kazin
          Andrew Kazin (ct-24833)
          Debra L. Wabnik (ct-24768)
          Thomas E. Stagg (ct-23429)
Attorneys for Plaintiffs SV Special Situations Master Fund Ltd. and 3V Capital Master Fund Ltd., and Third-Party Defendants Scott A. Stagg and 3V Capital Management LLC
**Office and P.O. Address:**
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4500