# STAGG, TERENZI, CONFUSIONE & WABNIK, LLP
ATTORNEYS AT LAW
401 FRANKLIN AVENUE
SUITE 300
GARDEN CITY, NEW YORK 11530
(516) 812-4500
FAX: (516) 812-4600

111 BROADWAY
SUITE 701
NEW YORK, NEW YORK 10006
(212) 324-3800

331 NEWMAN SPRINGS ROAD
BUILDING 1, 4TH FLOOR, SUITE 143
RED BANK, NEW JERSEY 07701
(732) 784-1586

1111 SUMMER STREET, 5TH FLOOR
STAMFORD, CONNECTICUT 06905
(203) 967-4000

Thomas E. Stagg*◊
Ronald M. TerenziΔ
Lisa M. Confusione
Debra L. Wabnik*
Daniel P. Gregory*
Andrew Kazin

Han Sheng Beh*
Jason R. Bleck*
Jacqueline M. Della Chiesa
Patrique Denize
Cara M. Goldstein
Ronald P. Labeck
Brian Lacoff*
Scott K. MaxwellΔ
Elan L. Nieves
Haley E. OlamΔ
Jessica M. Prunell
Justin Rowe
Sahar Shirazi
Michelle E. Tarson*
Shawn Tock°

Of Counsel
John C. PoleraΔ
Kristen Renzulli*
Viktoria S. Garo

*Also Admitted NJ
ΔAlso Admitted CT
◊Also Admitted DC
°Also Admitted Ontario

December 8, 2011

**VIA ECF**
The Honorable Stefan R. Underhill
United States District Court
District of Connecticut
915 Lafayette Blvd.
Bridgeport, Connecticut 06604

    Re:    SV Special Situations Master Fund Ltd. v. Knight Libertas LLC, et al.
            No. 3:08cv1769 (SRU)

Dear Judge Underhill:

    We represent plaintiffs 3V Capital Master Fund Ltd. and SV Special Situations Master Fund Ltd. in this matter. In defendants' latest response to Deloitte's request for information relevant to its court-ordered audit, defendants again refuse to provide relevant documents. As set forth below, not only has Your Honor ordered defendants to provide Deloitte with such documents, but the documents were improperly withheld by defendants in discovery. The information should be provided to Deloitte immediately to avoid further delays.

    Your Honor previously made clear that defendants may not withhold documents requested by Deloitte even if defendants believe they are irrelevant or not requested in discovery:

74156.docx

The Honorable Stefan R. Underhill
December 8, 2011
Page 2

> THE COURT: I'll give you guidance: give Deloitte the documents that they request. That's the guidance.
>
> DEFENDANTS' COUNSEL: Deloitte is now specifically asking for production material, some sort of documentary responses that go beyond what the parties already produced in discovery, not limited to the existing discovery record.
>
> THE COURT: I don't care... They have been charged by the Court to do a job. The job is not, "Look over the shoulder of the lawyers and figure out from whatever they haven't asked for whether that's the right documentation or not, the right documentation, what the outcome is."
>
> \* \* \*
>
> And so if [Plaintiffs] didn't happen to ask for a document that's critical to Deloitte's analysis, I don't care if the Plaintiff didn't ask for it.

(Ex. 1, p. 11, ll. 15-25; p. 12, ll. 1-2, 9-16, 18-21.)

> ... whatever Deloitte needs to get the job done is what they're going to be given.

(Id., p. 14, ll. 10-11.)

On November 25, 2011 Deloitte requested a copy of the Purchase Agreement among Knight Capital Group, Inc., Knight/Trimark, Inc., Libertas Holdings, LLC, New Libertas Holdings LLC and Gary Katcher, and any amendments thereto. Defendants refused Deloitte's request, stating:

> Deloitte has already received every relevant document produced in discovery.... The Purchase Agreement itself is a confidential document that was not produced in discovery ... and its production now would not further Deloitte's efforts or the facts relevant to this case. Indeed, Plaintiffs discovery request for the Purchase Agreement came almost ten months after this case's more than two-year discovery period ended and is void.

The Honorable Stefan R. Underhill
December 8, 2011
Page 3

(Ex. 2) This refusal to provide documents requested by Deloitte ignores Your Honor's clear instruction to defendants.

Moreover, the only reason the Purchase Agreement was not provided in discovery was because defendants improperly withheld its production. On October 6, 2010, <u>before</u> the discovery end date, plaintiffs demanded production of the Purchase Agreement. On November 8, 2010, defendants claimed the request was "overbroad, unduly burdensome, seeks non-relevant information unrelated to the claims or defenses of the parties, and seeks confidential information." On November 16, 2010, plaintiffs moved to compel the production of documents relating to Knight's purchase of Libertas and the ownership interests in Libertas. In response, on November 17, 2010, defendants advised that they had produced all outstanding, non-privileged, responsive documents in their possession. During the December 1, 2010 conference call addressing the motion, plaintiffs advised that the document dispute was resolved based on defendants' misrepresentation. (Dk. No. 222 at 4:6-9.) Defendants failed to advise that they possessed or controlled the Purchase Agreement, which was clearly a responsive and non-privileged document.

Contrary to defendants' representation, the Purchase Agreement and related documents reflecting each member's interest in New Libertas was not produced and certainly are relevant. They will confirm that New Libertas and its respective members (including defendant Gary Katcher) received consideration for the sale of Libertas Holdings, which sale was only possible because Libertas Holdings was being sustained by money stolen from plaintiffs. This squarely relates to the Court's inquiry as to "who wrongfully benefitted from the misappropriation of funds from 3V Master Fund and to what extent."

Notably, on July 29, 2011, defendants relied on the Purchase Agreement in opposition to plaintiffs' motion for the Court to reconsider a portion of the July 8, 2011 Order. Katcher claimed that in the Purchase Agreement, he and New Libertas agreed to "jointly and severally indemnify Knight for certain items" including plaintiffs' claim against defendants. (Doc. No. 295 at 1-2.) Defendants cannot rely on the Purchase Agreement and at the same time claim it is irrelevant.

Based on the foregoing, plaintiffs request that the Court order defendants to produce the Purchase Agreement by December 9, 2011 so that Deloitte may complete its report by the December 19, 2011 deadline.

Respectfully submitted,

s/ Andrew Kazin

Andrew Kazin (ct 24833)

AK/jr

The Honorable Stefan R. Underhill
December 8, 2011
Page 4


cc:     Ana Munoz, Esq.
        Howard Schiffman, Esq.
        Jeffrey F. Robertson, Esq.
        Andrew Wright, Esq.
        Frederick S. Gold, Esq.
        Eric Lubochinski, Esq.
        Robert Sprague