# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SV SPECIAL SITUATIONS MASTER FUND LTD. and 3V CAPITAL MASTER FUND, LTD., | : |
| | : |
| Plaintiffs, | : |
| | : |
| - against - | : Case No. 3:08cv1769 (SRU) |
| | : |
| | : |
| KNIGHT LIBERTAS LLC, KNIGHT LIBERTAS HOLDINGS LLC, LIBERTAS HOLDINGS LLC, LIBERTAS PARTNERS LLC, and GARY KATCHER, | : |
| | : February 17, 2012 |
| Defendants/Third-Party Plaintiffs, | : |
| | : |
| - against - | : |
| | : |
| MARK A. FOCHT, SCOTT A. STAGG, and 3V CAPITAL MANAGEMENT LLC, | : |
| | : |
| Third-Party Defendants. | : |
| | : |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' FEBRUARY 15, 2012 LETTER[1]

Plaintiffs' recent letter requesting summary judgment on a subset of their Connecticut statutory theft claims, purportedly based on the recently-completed reports by Deloitte Financial Services LLP ("Deloitte"), is a meritless, though predictable, response to Deloitte's unequivocal rejection of Plaintiffs' far-fetched arguments that they are entitled to something more than a dollar-

---

[1] This filing responds to the February 15, 2012 letter from counsel to SV Special Situations Master Fund Ltd. and 3V Capital Master Fund Ltd. (collectively, "Plaintiffs") on behalf of Knight Libertas LLC, Knight Libertas Holdings LLC, Libertas Partners LLC, Libertas Holdings LLC and Gary Katcher (collectively, "Defendants").

for-dollar return of the at-issue Stelco and Credit Suisse Transfers, plus the interest calculated by Deloitte.

The Deloitte reports, on which Plaintiffs purport to base their argument, do not support Plaintiffs' claim that they are entitled to judgment on their statutory theft claims. To the contrary, the undisputed facts of this case prevent Plaintiffs from establishing the required elements of their statutory theft claims. First, Deloitte's reports confirm that no Defendant received any portion of the Credit Suisse Transfer, thus undercutting any basis for that statutory theft claim. Second, there is no evidence of an intent to permanently deprive—a key element of a statutory theft claim. Defendants did not know about or participate in effectuating the transfers, withholding the at-issue funds during the pendency of this litigation is legally insufficient to establish the intent necessary to prove statutory theft and, in any event, the at-issue funds have been placed in escrow pending a resolution of this litigation. Under Connecticut law and precedent, each of these undisputed facts is an independent reason why Plaintiffs cannot establish the required intent of a permanent deprivation, and Deloitte's reports do not provide anything to the contrary. Simply put, this is not a "larceny" case where rarely-granted treble damages should or could legally be awarded.

Moreover, the issues regarding the statutory theft claims have not been fully briefed and Plaintiffs cannot obtain a backdoor judgment by an improper letter request. In response to Plaintiff's letter, and consistent with our prior discussions with the Court, Defendants are preparing a submission we intend to file as early as next week that will highlight the absence of either a legal or

factual basis for those claims and Plaintiffs' other, equally-meritless state law claims, and provide the Court with a reasoned basis to move this case forward in a meaningful way.[2]

Before the Court decides any motion, however, Defendants respectfully request that the parties, as contemplated by the Court's prior orders, be permitted the opportunity to determine whether they intend to depose the Deloitte representatives concerning Deloitte's reports.  (See Dkt. Nos. 289 and 309, ¶ 14.)  Thereafter, we submit that the Court should decide all pending motions, including Defendants' pending summary judgment motion and supplemental briefing, which demonstrate that SV Master Fund lacks standing to pursue any claims, including its statutory theft and other state law claims.  (See Dkt. Nos. 237 and 298.)

Accordingly, Defendants respectfully request that the Court: (*i*) set a briefing schedule for Plaintiffs to oppose Defendants' motion regarding Plaintiff's statutory theft treble damages and related state law claims, which will be filed next week; (*ii*) schedule a hearing thereafter to address all pending motions; and (*iii*) issue an appropriate pre-trial order to govern the proceedings through and including the trial scheduled to commence on June 18, 2012.

---

[2] See Transcript of June 23, 2011 telephone conference at 10:4-8 (responding to Defendants' indication of their intent to seek dismissal of Plaintiffs' statutory theft claims, Court responds that such a motion "ought to be promptly raised."); see also Dkt. No. 281 at 19 (Court acknowledges insufficient facts to support Plaintiffs' breach of contract, breach of fiduciary duty and violation of Connecticut Unfair Trade Practices Act claims).

Respectfully submitted,


By:  /s/ Eric Lubochinski
Howard Schiffman (*pro hac vice*)
Jeffrey F. Robertson (*pro hac vice*)
Andrew P.C. Wright (*pro hac vice*)
Schulte Roth & Zabel LLP
1152 Fifteenth Street, NW
Suite 850
Washington, DC 20005
Tel. (202) 729-7470
E-mail: howard.schiffman@srz.com
E-mail: jeffrey.robertson@srz.com
E-mail: andrew.wright@srz.com

And

Frederick S. Gold  (ct03560)
Eric Lubochinski  (ct 25842)
Shipman & Goodwin LLP
300 Atlantic Street, Third Floor
Stamford, CT 06901
Tel. (203) 324-8100
Fax (203) 324-8199
E-mail: fgold@goodwin.com
E-mail: elubochinski@goodwin.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 17, 2012 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/Eric Lubochinski
Eric Lubochinski (ct25842)