UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SV SPECIAL SITUATIONS MASTER FUND LTD. and 3V CAPITAL MASTER FUND, LTD.,<br><br>    Plaintiff,<br><br>    - against -<br><br>KNIGHT LIBERTAS LLC, KNIGHT LIBERTAS HOLDINGS LLC, LIBERTAS HOLDINGS LLC, LIBERTAS PARTNERS LLC, and GARY KATCHER,<br><br>    Defendants/Third-Party Plaintiffs,<br><br>    - against -<br><br>MARK A. FOCHT, SCOTT A. STAGG, and 3V CAPITAL MANAGEMENT LLC,<br><br>    Third-Party Defendants. | Case No. 3:08cv1769 (SRU)<br><br>February 24, 2012 |

## DEFENDANTS' LOCAL RULE 56(a)(1) STATEMENT

Defendants Knight Libertas Holdings LLC, Knight Libertas LLC, Libertas Holdings LLC, Libertas Partners LLC, and Gary Katcher, by their attorneys Schulte Roth & Zabel LLP and Shipman & Goodwin LLP, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56(a)(1) of the Local Civil Rules of the United States District Court for the District of Connecticut, hereby submit their statement of undisputed facts in support of their Cross-Motion For Summary Judgment on Plaintiffs' Sixth and Seventh Claims for Unlawful Statutory Theft.

    1.    In or about February 2004, Scott Stagg ("Stagg") and Gary Katcher ("Katcher") formed a hedge fund business that consisted of 3V Capital Master Fund Ltd. ("3V

Master Fund") and two feeder funds.  (Dkt. No. 281 at 4; see also Dkt. No. 255-11, Response to ¶¶ 9-10; Dkt. No. 256-11, Response to ¶ 1; Dkt No. 242, Exh. 63 (Dkt. No. 148, Katcher Dec. 17, 2009 Aff., at ¶ 4)).

2. The 3V hedge fund business was managed by two entities owned equally by Stagg and Katcher, including 3V Capital Management LLC ("3V Management"), the investment advisor through which 3V Master Fund effectuated its investment strategy.  (Dkt. No. 281 at 4; see also Dkt. No. 255-11, Response to ¶ 11; Dkt. No. 256-11, Response to ¶¶ 4-5; Dkt No. 242, Exh. 63 (Katcher Dec. 17, 2009 Aff., at ¶ 5) and 2 (Katcher June 17, 2010 Dep. Tr. at 415:17-415:19).)

3. Between 2004 and 2007, the business operations of the 3V hedge fund business overlapped with the operations of Libertas, a broker-dealer business formed by Katcher in 2002.  (Dkt. No. 281 at 4-5.)[1]

4. The 3V entities and Libertas shared office space and personnel, and Libertas paid the 3V operations expenses, including rent, Bloomberg terminals, and the base salaries and health benefits of the employees.  (Dkt. No. 281 at 5; Dkt. No. 148 at ¶ 8 (Katcher Dec. 17, 2009 Aff.); Dkt. No. 254, Exh. 1 at 80:20-81:06, 187:25-188:05, 188:19-189:10, 194:08-19, 204:19-205:12, 211:02-11 (Katcher June 16, 2010 deposition); Dkt. No. 149 at ¶ 3 (Davison Dec. 17, 2009 Aff.).)

5. Focht was 3V Management's COO from 2004 through 2007 and managed Libertas' back office operations until the end of 2006.  (Dkt. No. 281 at 5; see also Dkt. No. 255-11, Response to ¶¶ 14; Dkt. No. 256-11, Response to ¶ 7; Dkt. No. 242, Exhs. 55 (Dkt. No. 88,

---

[1] As used herein, the term "Libertas" refers collectively to Knight Libertas LLC, Knight Libertas Holdings LLC, Libertas Partners LLC, and Libertas Holdings LLC.

Stagg Sept. 8, 2009 Aff., at ¶ 3) and 8 (Cassella Dec. 15, 2010 Dep. Tr. at 17:20-17:23); Dkt. No. 148, Katcher Dec. 17, 2009 Aff., at ¶¶ 10-11).)

6. In January 2007, Focht informed Katcher that he was leaving Libertas to work exclusively for the 3V hedge fund business. (Dkt. No. 148 at ¶ 11 (Katcher Dec. 17, 2009 Aff.).)

7. By early 2007, the 3V operations were separated from Libertas. (Dkt. No. 148 at ¶ 12 (Katcher Dec. 17, 2009 Aff.).)

8. In March 2007, Stagg moved the 3V offices to a new location without Katcher's knowledge or consent. (Dkt. No. 281 at 5; Dkt. No. 148 at ¶ 14 (Katcher Dec. 17, 2009 Aff.).)

9. Among others, Focht knew about Stagg's plans, concealed them from Katcher at Stagg's request, and moved with Stagg to the new 3V offices. (Dkt. No. 281 at 5; Dkt. No. 242, Exh. 9 at 161:01-163:10 (Focht Jan. 24, 2011 deposition).)

10. In November 2008, 3V Capital Master Fund commenced this action. (Dkt. No. 1).)

11. On or about May 2, 2006, to pay for the purchase of certain Stelco bonds, $2,490,239.50 was wired from 3V Master Fund to an account owned by Libertas (the "<u>3V Stelco Transfer</u>"). (Dkt. No. 281 at 7-8; <u>see also</u> Dkt. No. 255-11, Response to ¶ 33; Dkt. No. 242, Exhs. 42 (3V Capital Management LLC letters of authorization dated May 2, 2006) and 9 (Focht Jan. 24, 2011 Tr. at 154:25-156:02).)

12. The 3V Stelco Transfer was effectuated by a letter authorization from 3V Management. (Dkt. No. 281 at 8; Dkt. No. 242, Exh. 42 (3V Capital Management LLC letters of authorization dated May 2, 2006).)

13. The letter of authorization that effectuated the 3V Stelco Transfer bears Stagg's signature. (Dkt. No. 281 at 8; Dkt. No. 242, Exh. 42 (3V Capital Management LLC letters of authorization dated May 2, 2006).)

14. On or about May 2, 2006, to pay for the purchase of Stelco bonds, $2,918,021.50 was wired from non-party Distressed/High Yield Trading Opportunities Fund Ltd. ("Distressed") to an account owned by Libertas (the "Distressed Stelco Transfer"). (Dkt. No. 281 at 7-8; see also Dkt. No. 242, Exh. 42 (3V Capital Management LLC letters of authorization dated May 2, 2006) and 9 (Focht Jan. 24, 2011 Tr. at 154:25-156:02).)

15. The Distressed Stelco Transfer was effectuated by a letter authorization from 3V Management. (Dkt. No. 281 at 8; Dkt. No. 242, Exh. 42 (3V Capital Management LLC letters of authorization dated May 2, 2006).)

16. The letter of authorization that effectuated the Distressed Stelco Transfer bears Stagg's signature. (Dkt. No. 281 at 8; Dkt. No. 242, Exh. 42 (3V Capital Management LLC letters of authorization dated May 2, 2006).)

17. On or about May 2, 2006, to pay for the purchase of Stelco bonds, $427,782.10 was wired from non-party Pierce Diversified Strategy Master Fund, LLC ("Pierce") to an account owned by Libertas (the "Pierce Stelco Transfer"). (Dkt. No. 281 at 7-8; see also Dkt. No. 242, Exh. 42 (3V Capital Management LLC letters of authorization dated May 2, 2006) and 9 (Focht Jan. 24, 2011 Tr. at 154:25-156:02).)

18. The Pierce Stelco Transfer was effectuated by a letter authorization from 3V Management. (Dkt. No. 281 at 8; Dkt. No. 242, Exh. 42 (3V Capital Management LLC letters of authorization dated May 2, 2006).)

19. The letter of authorization that effectuated the Pierce Stelco Transfer bears Stagg's signature. (Dkt. No. 281 at 8; Dkt. No. 242, Exh. 42 (3V Capital Management LLC letters of authorization dated May 2, 2006).)

20. On or about February 14, 2007, $3,362,565.89 was wired from 3V Master Fund to the J.P. Morgan account of Libertas' payroll agent (the "Payroll Transfer"). (Dkt. No. 281 at 7; see also Dkt. No. 242, Exhs. 43 (3V Capital Management LLC letter of authorization dated February 14, 2007) and 9 (Focht Jan. 24, 2011 Tr. at 156:20-157:11).)

21. The Payroll Transfer was effectuated by a letter authorization from 3V Management. (Dkt. No. 281 at 7; Dkt. No. 242, Exh. 43 (3V Capital Management LLC letter of authorization dated February 14, 2007).)

22. The letter of authorization that effectuated the Payroll Transfer bears Stagg's signature. (Dkt. No. 281 at 7; Dkt. No. 242, Exh. 43 (3V Capital Management LLC letter of authorization dated February 14, 2007).)

23. On or about April 18, 2007, $3,102,531.47 was wired from 3V Master Fund to Credit Suisse (the "Credit Suisse Transfer"). (Dkt. No. 281 at 8; see also Dkt. No. 242, Exh. 44 (3V Capital Management LLC letter of authorization dated April 18, 2007) and 9 (Focht Jan. 24, 2011 Tr. at 160:06-160:18).)

24. The Credit Suisse Transfer was effectuated by a letter authorization from 3V Management. (Dkt. No. 242, Exh. 44 (3V Capital Management LLC letter of authorization dated April 18, 2007).)

25. The letter of authorization that effectuated the Credit Suisse Transfer bears Stagg's signature. (Dkt. No. 242, Exh. 44 (3V Capital Management LLC letter of authorization dated April 18, 2007).)

26. Neither Libertas nor Katcher received any of the funds wired to Credit Suisse. (Dkt. No. 242, Exh. 11 at 224:06-15 (Stagg Jan. 27, 2011 deposition); see also February 24, 2012 Declaration of Andrew P.C. Wright (hereafter, "Decl.") Exh. A at ¶¶ 15, 25 (Weisman Report).)

27. The transfers relating to Northern Offshore (the "Northern Offshore Transfers"), as identified by the Third Amended Complaint and prior pleadings in this case, were effectuated by letters of authorization from 3V Management. (See Dkt. No. 243-5, Exh. 3 (Stagg Feb. 24, 2010 Aff.).)

28. The letter of authorization that effectuated the Northern Offshore Transfers bears Stagg's signature. (See Dkt. No. 243-5, Exh. 3 (Stagg Feb. 24, 2010 Aff.).)

29. The Payroll Transfer was discovered by Libertas and its outside accountants in 2008. (Dkt. No. 148 at ¶ 22 (Katcher Dec. 17, 2009 Aff.); Dkt. No. 150 at ¶ 2 (Havey Dec. 17, 2009 Aff.); Dkt. No. 254, Exh. 3 at 49:17-50:13, 56:21-57:04, 62:02-15, 68:03-11, 71:17-72:16 (Havey Nov. 26, 2010 deposition).)

30. At Katcher's direction, Libertas employees inquired with Focht, the COO of the 3V hedge fund business, about the purpose and rationale for the transfer. (Dkt. No. 251 at ¶ 12 (Katcher Mar. 18, 2011 Aff.); Dkt. No. 252 at ¶ 7 (Havey Mar. 18, 2011 Aff.); Dkt. No. 150 at ¶ 3 (Havey Dec. 17, 2009 Aff.); Dkt. No. 254, Exh. 3 at 82:10-82:13, 91:05-10, 93:08-16 (Havey 11/26/10 deposition); Dkt. No. 149 at ¶ 4 (Davison Dec. 17, 2009 Aff.); Dkt. No. 254, Exh. 13 at 396:16-21 (Focht Jan. 25, 2011 deposition).)

31. Libertas also reported the transfer to its auditors, who were also 3V Master Fund's auditors, even though the auditors had completed their audit of Libertas and were prepared to issue their opinion concerning its financial statements. (Dkt. No. 251 at at ¶ 15

(Katcher Mar. 18, 2011 Aff.); Dkt. No. 252 at ¶ 10 (Havey Mar. 18, 2011 Aff.); Dkt. No. 150 at ¶ 4 (Havey Dec. 17, 2009 Aff.); Dkt. No. 254, Exh. 3 at 97:17-24 (Havey Nov. 26, 2010 deposition); Dkt. No. 149 at ¶ 6 (Davison Dec. 17, 2009 Aff.); Dkt. No. 254, Exhs. 6 at 55:13-56:13, 87:06-21 (Davison Dec. 3, 2010 deposition) and 1 at 450:09-451:08, 456:05-15 (Katcher June 17, 2010 deposition); Dkt. No. 243-11 at ¶ 18 (Henderson Dec. 9, 2010 Aff.); Dkt. 254, Exhs. 3 at 137:02-06 (Havey Nov. 26, 2010 deposition) (identifying McGladrey as Libertas' auditors) and 6 at 54:14-16, 57:03-09 (Davison Dec. 3, 2010 deposition) (identifying McGladrey, including Mark Levy and Peter Testaverde, as Libertas' auditors); Dkt. No. 242, Exh. 11 at 116:21-117:23 (Stagg Jan. 27, 2011 deposition) (identifying McGladrey, including Mark Levy and Peter Testaverde as 3V's auditors).)

32.     Focht responded that the transfer was made by 3V to reimburse Libertas for the expenses it previously paid on behalf of 3V (including payroll, healthcare, and Bloomberg expenses). (Dkt. No. 251 at ¶ 13 (Katcher Mar. 18, 2011 Aff.); Dkt. No. 252 at ¶ 7 (Havey Mar. 18, 2011 Aff.); Dkt. No. 150 at ¶ 5 (Havey Dec. 17, 2009 Aff.); Dkt. No. 149 at ¶ 7 (Davison Dec. 17, 2009 Aff.); Dkt. No. 254, Exhs. 3 at 83:24-84:04, 87:16-20 (Havey Nov. 26, 2010 deposition) and 6 at 63:04-05 (Davison Dec. 3, 2010 deposition).)

33.     Focht also provided documentation that he represented was from 3V Master Fund's administer, a third party, that showed a payable for the expenses on 3V Master Fund's accounting records. (Dkt. No. 251 at ¶ 13 (Katcher Mar.18, 2011 Aff.); Dkt. No. 252 at ¶ 8 (Havey Mar. 18, 2011 Aff.); Dkt. No. 150 at ¶ 11, Exh. A (Havey Dec. 17, 2009 Aff.); Dkt. No. 149 at ¶ 9 (Davison Dec. 17, 2009 Aff.); Dkt. No. 254, Exhs. 3 at 83:24-84:04, 93:17-23, 166:02-07 (Havey Nov. 26, 2010 deposition) and 13 at 396:03-08, 397:03-08 (Focht Jan. 25, 2011 deposition).)

34. Focht signed a representation letter to Libertas' auditors that supported his explanation for the Payroll Transfer.  (Dkt. No. 243-7, Exh. 18 (exhibit to Dkt. No. 243-5 (Stagg Feb. 24, 2011 Aff.); Dkt. No. 254, Exhs. 3 at 215:14-216:04 (Havey Nov. 26, 2010 deposition), 6 at 132:05-08, 152:08-09 (Davison Dec. 3, 2010 deposition), and 2 at 460:24-461:10, 479:06-18 (Katcher June 17, 2010 deposition).)

35. Libertas reviewed its books and records and confirmed that it had paid the expenses Focht claimed the Payroll Transfer reimbursed.  (Dkt. No. 252 at ¶ 9 (Havey Mar. 18, 2011 Aff.); Dkt. No. 150 at ¶¶ 12-13 (Havey Dec. 17, 2009 Aff.); Dkt. No. 149 at ¶¶ 10-11 (Davison Dec. 17, 2009 Aff.); Dkt. No. 254, Exh. 3 at 85:10-22, 189:21-190:06 (Havey Nov. 26, 2010 deposition).)

36. Libertas provided the documents it received from Focht, as well as its own documents, to its auditors, who approved the reimbursement and accepted it being recorded on Libertas' audited financial statements.  (Dkt No. 254, Exhs. 3 at 201:15-25 (Havey Nov. 26, 2010 deposition), 6 at 89:11-21 (Davison Dec. 3, 2010 deposition), and 2 at 456:05-15 (Katcher June 17, 2010 deposition); Dkt. No. 254, Exh. 22 at KnightCap 000070 (Libertas Partners 2007 Audited Financial Statements) (recognizing reimbursement from 3V Capital Master Fund); Dkt. No. 251 at ¶ 16 (Katcher Mar. 18, 2011 Aff.); Dkt. No. 254 at Exhs. 13 at 396:09-15 (Focht Jan. 25, 2011 deposition) and 6 at 96:05-10 (Davison Dec. 3, 2010 deposition).)

37. Libertas employees did not conceal and were not instructed to conceal the Payroll Transfer.  (Dkt No. 251 at ¶ 18 (Katcher March 18, 2011 Aff.); Dkt. No. 252 at ¶ 7 (Havey March 18, 2011 Aff.); Dkt. No. 150 at ¶ 15 (Havey Dec. 17, 2009 Aff.); Dkt. No. 149 at ¶ 14 (Davison Dec. 17, 2009 Aff.).)

38. Defendants did not discover and were not aware of the 3V, Distressed, and Pierce Stelco Transfers until on or about the time this case was filed in November 2008. (Dkt No. 251 at ¶¶ 19-20 (Katcher March 18, 2011 Aff.).)

39. Defendants did not discover and were not aware of the Credit Suisse Transfer until on or about the time this case was filed in November 2008. (Dkt No. 251 at ¶¶ 19, 21 (Katcher March 18, 2011 Aff.).)

40. Plaintiffs are not aware of any evidence that Defendants participated in or knew about the Stelco Transfer when it occurred. (Dkt. No. 242, Exh. 11 at 185:22-187:16 (Stagg Jan. 27, 2011 deposition).)

41. Plaintiffs are not aware of any evidence that Defendants participated in or knew about the Payroll Transfer when it occurred. (Dkt. No. 242, Exh. 11 at 201:21-202:08 (Stagg Jan. 27, 2011 deposition).)

42. Plaintiffs are not aware of any evidence that Defendants participated in or knew about the Credit Suisse Transfer when it occurred. (Dkt. No. 242, Exh. 11 at 224:06-15, 227:04-11 (Stagg Jan. 27, 2011 deposition).)

43. In August 2009, Focht pled guilty in New York state court to charges for misappropriating approximately $8.8 million from 3V Capital Master Fund and 3V Management. (Dkt. No. 281 at 9; see also Dkt. No. 255-11, Response to ¶ 32; Dkt. No. 242, Exh. 41 (Guilty Plea Exhibit 1, *The People of the State of New York v. Mark A. Focht*, Indictment No. 3796/2009 (Sup. Ct. N.Y. County Aug. 10, 2009).)

44. Focht's affirmed in his plea agreement stated that he "acted alone in connection with his wrongful conduct." (Dkt. No. 242, Exh. 41 (Guilty Plea Exhibit 1, *The*

*People of the State of New York v. Mark A. Focht*, Indictment No. 3796/2009 (Sup. Ct. N.Y. County Aug. 10, 2009).)

45. In July 2011, Defendants caused the sale of more than $13 million worth of stock and deposited the proceeds into an escrow account pending the outcome of this litigation. (Dkt. No. 295 at ¶¶ 3-4 (Katcher Affidavit); Dkt. No. 315, Exh. A (escrow account statement).)

Dated:  February 24, 2012                            Respectfully submitted,


                                     By:    /s/Jeffrey F. Robertson
                                            Frederick S. Gold
                                            Eric Lubochinski
                                            Shipman & Goodwin LLP
                                            300 Atlantic Street, Third Floor
                                            Stamford, CT 06901-3522
                                            Tel. (203) 324-8100
                                            Fax (203) 324-8199


                                            Howard Schiffman, pro hac vice
                                            Jeffrey F. Robertson, pro hac vice
                                            Andrew P.C. Wright, pro hac vice
                                            Schulte Roth & Zabel LLP
                                            1152 Fifteenth Avenue, NW
                                            Washington, DC 20005
                                            Telephone:  (202) 729-7461
                                            Facsimile:  (202) 730-4520


                                            *Attorneys for Defendants/Third-Party Plaintiffs Knight Libertas LLC, Knight Libertas Holdings LLC, Libertas Partners LLC, Libertas Holdings LLC, and Gary Katcher*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2012 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Jeffrey F. Robertson
Jeffrey F. Robertson

DOC ID-18252229.3