UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

SV SPECIAL SITUATIONS MASTER FUND
LTD. and 3V CAPITAL MASTER FUND LTD.,

      Plaintiff,

- against -

KNIGHT LIBERTAS LLC, KNIGHT LIBERTAS
HOLDINGS LLC, LIBERTAS HOLDINGS LLC,
LIBERTAS PARTNERS LLC, and GARY
KATCHER,

      Defendants/Third-Party Plaintiffs,

- against –

MARK A. FOCHT, SCOTT A. STAGG, and 3V
CAPITAL MANAGEMENT LLC,

      Third-Party Defendants.

---

Case No. 3:08cv1769 (SRU)

APRIL 25, 2012

### PLAINTIFFS' RESPONSE TO APRIL 13, 2012 HEARING

Plaintiffs SV Special Situations Master Fund Ltd. and 3V Capital Master Fund Ltd. and third-party defendants, Scott A. Stagg and 3V Capital Management LLC, respectfully submit the document annexed as Exhibit "A" in response to the April 13, 2012 hearing.

                          Respectfully Submitted,
                          **STAGG, TERENZI, CONFUSIONE**
                          **& WABNIK, LLP**

By:      s/ Andrew Kazin
          Thomas E. Stagg (ct-23429)
          Andrew Kazin (ct-24833)
          Attorneys for Plaintiffs
          SV Special Situations Master Fund Ltd.
          and 3V Capital Master Fund Ltd.
          **Office and P.O. Address:**
          401 Franklin Avenue, Suite 300
          Garden City, New York 11530
          (516) 812-4500

# EXHIBIT "A"

# STAGG, TERENZI, CONFUSIONE & WABNIK, LLP
ATTORNEYS AT LAW
401 FRANKLIN AVENUE
SUITE 300
GARDEN CITY, NEW YORK 11530
(516) 812-4500
FAX: (516) 812-4600

111 BROADWAY
SUITE 701
NEW YORK, NEW YORK 10006
(212) 324-3800

331 NEWMAN SPRINGS ROAD
BUILDING 1, 4TH FLOOR, SUITE 143
RED BANK, NEW JERSEY 07701
(732) 784-1586

1111 SUMMER STREET, 5TH FLOOR
STAMFORD, CONNECTICUT 06905
(203) 967-4000

Thomas E. Stagg*◊
Ronald M. Terenzi∆
Lisa M. Confusione
Debra L. Wabnik*
Daniel P. Gregory*
Andrew Kazin

Han Sheng Beh*
Jason R. Bleck*
Jacqueline M. Della Chiesa
Patrique Denize
Cara M. Goldstein
Ronald P. Labeck
Brian Lacoff*
Michael Kwiatkowski*
Elan L. Nieves*
Jessica M. Prunell
Justin Rowe
Sahar Shirazi
Michelle E. Tarson*
Shawn Tock°
Thomas Villecco∆

Of Counsel
John C. Polera∆
Kristen Renzulli*
Viktoria S. Garo

*Also Admitted NJ
∆Also Admitted CT
◊Also Admitted DC
°Also Admitted Ontario

April 25, 2012

**Via ECF & First Class Mail**
The Honorable Stefan R. Underhill
United States District Court
District of Connecticut
915 Lafayette Blvd.
Bridgeport, Connecticut 06604

  Re: SV Special Situations Master Fund Ltd. v. Knight Libertas LLC, et al.
     No. 3:08cv1769 (SRU)

Dear Judge Underhill:

  We represent plaintiffs in this matter. This letter responds to certain issues and requests Your Honor raised at the April 13, 2012 summary judgment hearing.

  First, Your Honor requested legal authority supporting plaintiffs' position that defendant Gary Katcher's unclean hands serve as a defense to his legal claim seeking recovery of his capital account. (Apr. 13, 2012 Tr., p. 29, l. 13-23.) The District of Connecticut has ruled that unclean hands may not be asserted in an action at law. *See Drummond Am. LLC v. Share Corp.*, 2009 WL 3838800 (D. Conn. Nov. 12, 1999). We respectfully submit, however, that

The Honorable Stefan R. Underhill
April 25, 2012
Page 2

Connecticut law should govern this issue because, in a diversity action, the availability of a defense is a substantive matter determined by state law. *See Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 881-82 (10th Cir. 2006) ("state law defines the elements and defenses of a cause of action in a diversity case."); *Troxler v. Owens–Illinois Inc.*, 717 F.2d 530, 532 (11th Cir.1983) (nature of defenses in diversity suit determined by state law); 2A *Moore's Federal Practice* § 8.27[3], at pages 8–182–8–183 (2d Ed.1985).

Connecticut's Supreme Court has held that "equitable defenses or claims may be raised in an action at law." *Kerin v. Udolf*, 334 A.2d 434, 437 (Sup. Ct. Conn. 1973). As such, unclean hands may prevent a party from recovering on his claim whether the claim is legal or equitable. *Medical Imaging Solutions Grp., Inc. v. Housatonic Valley Radiological Assocs. P.C.*, 2008 WL 4779602, at *4 (Conn Super. Oct. 7, 2008) (permitting unclean hands defense in breach of contract action); *Fleet Nat'l Bank v. Squillacote*, 2003 WL 23178000, at *4 (Conn. Super. Oct. 30, 2003) (same). This is because "the doctrine of unclean hands exists to safeguard the integrity of the court ... The integrity of the court is no less worthy of protection in an action at law, than in actions in equity." *Delbuono v. Clifford Dev.*, 2007 WL 2363155, at * 2 (Conn. Super. July 24, 2007) (citing *First Fairfield Funding LLC v. Goldman*, 2003 WL 22708882 (Conn. Super. Nov. 3, 2003)).

Defendants contend that Katcher's wrongful conduct is inextricably intertwined with his capital account at 3V Capital Partners LP because the wrongful transfers for Libertas's benefit directly affected Katcher's capital account. The net asset value of his account, like the net asset value of other investors' accounts, was entirely contingent on the net asset value of the 3V Master Fund. Katcher, as a managing member of 3V Capital Management, was obligated to manage the funds, not use them for his own benefit.

Your Honor also questioned whether the evidence demonstrated that defendants knew the transferred funds were stolen to support plaintiffs' statutory theft claims. (Apr. 13, 2012 Tr., pp. 31-32.) As plaintiffs' motion for summary judgment established, there is ample evidence of wrongful intent as follows:

- Mark Focht admitted under oath that he knew all of the wrongful transfers he effected were thefts to benefit Libertas. (Doc. 243-2, p. 13, 19, 22, 9:6-21, 33:6-35:23; 299:6-301:6.)

- Focht was officially employed by Libertas when the May 2006 Stelco transfer occurred.

- In February 2007, when the $3.4 million payroll theft occurred, Focht was ensuring payment of Libertas's bonus payroll and was specifically told by Katcher to "fix" Libertas's capital shortfall to ensure that Libertas's officers and employees could be paid. (Doc. 243-2, pp. 13-14.)

The Honorable Stefan R. Underhill
April 25, 2012
Page 3

- Katcher admitted that Focht was Libertas's agent at least through April 20, 2007, when the Transport theft occurred. (Doc. 243-2, p. 52, 177:10-178:12.)

These facts establish that Focht was performing his professional duty in a consciously wrongful manner. As such, Focht's scienter should be imputed to defendant Libertas. *See United States v. Ionia Mgmt. S.A.*, 526 F. Supp. 2d 319, 323 (D. Conn. 2007) (corporation may be held criminally liable for violations committed by its agents or employees acting within the scope of their employment); *United States v. Agosto-Vega*, 617 F.3d 541, 552-53 (1st Cir. 2010) (if agent is acting wrongfully to benefit corporation, then corporation may be criminally liable for agent's acts); *see also New York Cent. & Hudson River R.R. Co. v. United States*, 212 U.S. 481, 4903-94 (1909) (corporate defendant should bear criminal and civil liability for tortious conduct of its employee when intentional wrongful conduct benefits corporation); *New Orleans Employees Ret. Sys. v. Celestica*, 2011 WL 6823204, *2-3 (2d Cir. Dec. 29, 2011) (allegations that corporate agents intended to defraud sufficient to impute wrongful intent to corporation); *Valentini v. Citigroup, Inc.*, 2011 WL 6780915, at *6-7 (S.D.N.Y. Dec. 27, 2011) (corporate defendants held liable where employees performed their professional duties in a consciously wrongful or reckless manner); *Ucar Int'l v. Union Carbide Corp.*, 2004 WL 137073, at *13 (S.D.N.Y. Jan. 26, 2004) ("knowledge and actions of a corporation's employees and agents are generally imputed to the corporation where the acts are performed on behalf of the corporation and are within the scope of their authority.").

Finally, Your Honor indicated that plaintiffs must prove through expert testimony that Libertas would have been insolvent absent the millions stolen from plaintiffs. (Apr. 13, 2012 Tr., pp. 52-53.) In a diversity action, however, state law governs whether a plaintiff must present expert testimony to prove a claim. *See Peretz v. Home Depot, Inc.*, 671 F. Supp. 2d 386, 388-89 (E.D.N.Y. 2009). Although parties generally rely on expert testimony to value a company, a trier of fact may determine a company's value without expert testimony. *See Torrington Research Co. v. Marvin*, 2010 WL 1667580, at *6 (Conn. Super. Apr. 6, 2010) (expert testimony not necessary for company valuation).

Thank you for your consideration of the foregoing.

Respectfully submitted,

s/ Andrew Kazin

Andrew Kazin (ct 24833)

AK/jr
cc: Jeffrey F. Robertson, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                                              s/ Andrew Kazin
                                                            Andrew Kazin (ct-24833